UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

|                                      |   |                      |
|--------------------------------------|---|----------------------|
| BENNY BAEZ, ET AL.,                  | * |                      |
| Plaintiffs                           | * |                      |
| v.                                   | * | Civ. No. 98-1351(PG) |
| Puerto Rico ELECTRIC POWER AUTHORITY, ET AL., | * |              |
| Defendants                           | * |                      |

## OPINION AND ORDER

The Court had entered a Judgment (Docket #13) where it had ordered and adjudged (1) the dismissal of the case without prejudice as to co-defendants Carmen González-Rivera, Carmen Grizel Martínez-Molina, Angeles Vázquez-Santiago and Annette Soto-Alvarez; (2) the dismissal of co-plaintiff Evelyn Cortés' causes of action pursuant to Title 42 U.S.C. § 1983; (3) the dismissal of the claims of the complaint which specifically refer to the conjugal partnership and Evelyn Cortés' claims under Law 100.

On July 16, 1999, co-defendants Miguel A. Cordero, Héctor Bezares-Hernández, Jorge Ocasio-Negrón and Ramón Soto-Cruz, individually, moved for the dismissal of plaintiffs' present action with prejudice, in its entirety and on the merits on grounds of want of prosecution pursuant to Fed. R. Civ. P. 41 (Docket #14).



Civ. No. 98-1351(PG)                                                      2.

For all the reasons stated below the Court hereby **DISMISSES with prejudice** the present case, in its entirety and on the merits pursuant to Fed. R. Civ. P. 41 in favor of all remaining co-defendants for want of prosecution.

### Discussion

On or about April 3, 1998, plaintiffs filed the complaint in the instant case (Docket #1). On or about August 6, 1998, co-defendants filed a Motion to Dismiss (Docket #10). Plaintiffs never opposed said motion. On September 15, 1998 (Docket #13) the Court issued a Judgment partially dismissing the case. Nearly a year has transpired since co-defendants answered the complaint, filed a Motion to Dismiss and the Court issued the Judgment.

To date, plaintiffs have failed to prosecute the cause of action initiated by them. The record is devoid of any substantial filings, aside from the complaint.

> Rule 41(b) of the Federal Rules of Civil Procedure states:
>
> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for a dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). See also Local Rule 313.

Civ. No. 98-1351(PG)                                                    3.

A case is subject to dismissal if the record reflects no substantial proceedings for a term of six months. Substantial proceedings entail dispositive motions, discovery measures, certificate of readiness for trial, or other actions which advance the case towards trial, as this Court has previously stated. Figueroa v. Ethicon, 185 F.R.D. 17, 18 (D.P.R. 1999).

Motions for substitution of attorneys, motions for enlargement of time, motions for protective orders, motions to continue or postpone status conferences or pretrial conferences, and similar proceedings, shall not be deemed substantial for the purpose of this rule. Id. Unreasonable delay in conducting pretrial discovery is one of the aggravating factors that may lead the Court to rule upon a dismissal of a case pursuant to Fed. R. Civ. P. 41. Id. at 19. The Court must examine the docket of a case to determine whether substantial proceedings have been taken for a term of six months. Id. at 18.

The Court may also consider if co-defendants have committed wrongful acts to contribute to a plaintiff's failure to prosecute a case on a timely manner. See Chico-Vélez v. Roche Products, Inc., 139 F.3d 56 (1st Cir. 1998). Finally, the Court must examine the prejudice caused to co-defendants by plaintiffs' failure to prosecute and if a case should be allowed to continue after such delay. See

Civ. No. 98-1351(PG)                                                                        4.

<u>Asociación de Empleados v. Rodríguez-Morales</u>, 538 F.2d 915 (1st Cir. 1976).

The record reflects that: (1) plaintiffs filed the complaint on April 3, 1998; (2) co-defendants requested an extension of time on July 6, 1998; (3) co-defendants filed a Motion to Dismiss and an Answer to the Complaint on August 6, 1998; (4) the Court issued a judgment partially dismissing the case of caption on September 15, 1998.

The record lacks opposition to the request for dismissal, service of any discovery upon co-defendants to prosecute their case, or motions requesting reconsideration of the Court's Judgment or a notice of appeal of the dismissal. Plaintiffs have failed to file any motions for a period nearing a year. Co-defendants affirmed that plaintiffs' conduct stands for extreme behavior, thus incurring on extremely protracted inaction and that such conduct has prejudiced co-defendants. The Court agrees.

The Court has not only reviewed the record but has also considered the criteria which guides this Court's discretion in situations such as the one at bar. It is within the Court's prerogative to dismiss a case under Rule 41 to achieve the orderly and expeditious disposition of cases. <u>Jardines Limited Partnership v. Executive Homesearch Services</u>, 178 F.R.D. 365, 366 (D.P.R. 1998),

Civ. No. 98-1351(PG)                                                    5.

citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed. 2d 734 (1962).

Though a harsh sanction, a dismissal of an action with prejudice for failure to prosecute is warranted in cases such as the one at bar where extreme conduct is justified when the inaction is accompanied by aggravating factors. <u>Figueroa v. Ethicon</u>, 185 F.R.D. at 19. The Court has unquestionable authority to dismiss a case with prejudice for want of prosecution in order to avoid undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of a defendant. <u>Id.</u>

All of the preceding facts show the lack of substantial filings by plaintiffs, as well as the aggravating factors favor the dismissal of the present case in its entirety.

## Conclusion

The Court finds that plaintiffs' action stands for extreme behavior with aggravating factors which, compounded with the prejudice to defendants, weigh the balance in favor of a dismissal with prejudice on the merits of the case in its entirety on grounds of want of prosecution. Thus, the Court hereby **DISMISSES with prejudice** the present case on the merits and in its entirety against the remaining co-defendants, Miguel A. Cordero, Héctor Bezares-Hernández, Jorge Ocasio-Negrón and Ramón Soto-Cruz, individually, for

Civ. No. 98-1351(PG) 6.

want of prosecution under Rule 41 of the Federal Rules of Civil Procedure.

WHEREFORE, it is hereby **ORDERED** that the present case is **DISMISSED with prejudice** on the merits and in its entirety against the remaining co-defendants, Miguel A. Cordero, Héctor Bezares-Hernández, Jorge Ocasio-Negrón and Ramón Soto-Cruz, individually, for want of prosecution under Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 30, 1999.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge

SC: OB